**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**WILLIAM ASH, III,**

**Plaintiff,** **CASE NO. 8:15-cv-2679-T-27JSS**

**vs.**

**NATIONAL CREDIT ADJUSTERS, LLC**

**Defendant.**
______________________________________/

## MOTION FOR DEFAULT JUDGMENT

Plaintiff, William Ash, III, hereby files this Motion for Default Judgment pursuant to Federal Rules of Civil Procedure 55(b) against Defendant, National Credit Adjusters, LLC ("Defendant"), and states the following.

1. Plaintiff filed a complaint in this Court against Defendant on November 16, 2015 (D.E. 1).

2. On November 24, 2015 at 2:09 p.m., Plaintiff served Defendant with a summons and complaint in the instant action (D.E. 7).

3. Defendant failed to answer the complaint within 21 days after being served, as required by Federal Rule of Civil Procedure 12(a)(1)(A)(i).

4. Plaintiff filed a Motion for Clerk's Default on December 29, 2015 (D.E. 6). The Clerk entered a Default against Defendant that day (D.E. 8).

5. Plaintiff's allegations, which are deemed to be admitted by Defendant, establish violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter the "FDCPA").

6. For the reasons set forth herein, Plaintiff is entitled to a default judgment against Defendant.

## MEMORANDUM OF LAW

### I. LIABILITY

When a default is entered against a defendant, all of Plaintiff's well-pled allegations are deemed admitted. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). If the admitted facts in the Complaint establish liability, then the Court must determine appropriate damages. Where all the essential evidence is of record, an evidentiary hearing is not required, especially when, as here, Plaintiff seeks statutory damages. *Petmed Express, Inc. v. Medpets.com*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004) *citing SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

The allegations in Plaintiff's Complaint, accepted as admitted by Defendant, support a finding of liability against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff has alleged that Defendant made confusing and misleading representations in its collection attempts directed to Plaintiff. *See* D.E. 1 at ¶¶ 10-17. These deceptive representations include informing Plaintiff that collection efforts had not yet commenced and would not commence for 30 days, but simultaneously engaging in collection efforts, including directing Plaintiff to remit the amount allegedly owed, including a "REMIT COUPON" in the letter, directing Plaintiff to pay the debt online, and informing Plaintiff that "[t]his communication is from a debt collector ***attempting to collect a debt*** . . ." (emphasis added). *Id.* at ¶¶ 11-17. Further, Plaintiff has alleged, and Defendant is deemed to have admitted, that Defendant's deceptive representations were designed to cause Plaintiff or any unsophisticated consumer to be confused about and waive their rights to dispute the subject

debt under 15 U.S.C. § 1692g because Defendant had stated that collection efforts had not yet commenced. *Id.* at. ¶ 19. In determining whether a statement by the debt collector is misleading or deceptive, the court must analyze the language from the point of view of the "least sophisticated consumer." *Jeter v.. Credit Bureau, Inc*., 760 F.2d 1168,, 1175 (11 th Cir.1985). Defendant's contradictory, confusing, and misleading representations constitutes violations of the FDCPA. *See* 15 U.S.C. §§ 1692e and 1692e(10); *see also Shoup v. McCurdy & Candler, LLC,* 465 Fed.Appx. 882, 884 (11th Cir. 2012) (finding a plausible violation of 1692e and 1692e(10) where the debt collector confusingly identified the loan servicer as the "creditor"); *In re Martinez*, 266 B.R. 523, 532, n.2 (S.D. Fla. 2001) ("Contradictory or confusing language may also give rise to liability under § 1692e, which prohibits debt collectors from committing a "false, deceptive or misleading representation or means in connection with the collection of any debt"); *Russell v. Equifax A.R.S*., 74 F.3d 30, 35 (2nd Cir. 1996) ("[A] collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate.").

Similarly, Plaintiff has alleged, and Defendant is deemed to have admitted, that the language utilized in Defendant's collection letter overshadows Plaintiff's dispute and verification rights set forth in 15 U.S.C. § 1692g. Specifically, it is undisputed that Defendant's statement that "collection efforts will not commence for 30 days" overshadows Plaintiff's dispute and verification rights, because Plaintiff or any unsophisticated consumer would not be inclined to affirmatively take action and contact the debt collector or dispute the debt if he or she believes that no collection activity has actually commenced. *See* Compl. ¶ 19. A debt collector may not overshadow or contradict a consumer's 30 day validation rights with other messages sent with the validation notice or within the validation period. *See* 15

U.S.C. § 1692g(b); *Gaalswyk-Knetzke v. Receivable Management Services Corp.*, 2008 WL 2224833, at *1, n.2 (M.D. Fla. May 27, 2008); *Chauncey v. JDR Recovery Corporation*, 118 F. 3d 516, 518 (7th Cir. 1997); *see also Gottlieb v. Green Oil, Inc.*, 1998 WL 469849, at *3 (S.D. Fla. May 8, 1998) ("Moreover, a communication from the debt collector cannot include any language which overshadows or contradicts the statutory notices required by § 1692g(a)"); *Avila v. Rubin,* 84 F. 3d 222, 226 (7th Cir. 1996); *Russell*, 74 F. 3d at 35.

Plaintiff has also alleged a claim under 15 U.S.C. 1692e(5); however, upon further investigation, Plaintiff no longer seeks to pursue that claim.

## II. DAMAGES

15 U.S.C. 1692k provides in pertinent part:

(a) Amount of damages

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
>
> > (1) any actual damage sustained by such person as a result of such failure;
> >
> > (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
> >
> > (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and
> >
> > (2) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

(b) Factors considered by court

> In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors—
>
> (1) in any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional; or
>
> (2) in any class action under subsection (a)(2)(B) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional.

Defendant's subject collection letter, which is attached to the complaint, is a form collection letter in nature. *See* D.E. 1, *Exhibit A*. Thus, it may be reasonably inferred that Defendant's improper conduct is done as a matter of course and is frequent, consistent and repetitive in nature. Further, Plaintiff has alleged two separate and distinct statutory violations under the FDCPA. Pursuant to 15 U.S.C. 1692k, Plaintiff is entitled to statutory damages in the amount of $1,000 for Defendant's violations of 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(b)

Plaintiff withdraws his claim for actual damages.

## III. ATTORNEYS' FEES AND COSTS

Plaintiff requests an award of costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(2) and Fla. Stat. § 559.77(2). To date, Plaintiff has incurred reasonable attorneys' fees in the amount of $2,640.00. *See* Declaration of Ryan Hasanbasic at *Exhibit 1* (said Declaration is attached to the instant Motion as **Exhibit A**).[1] Further, Plaintiff requests an award of costs in the amount of $420.00. *Id.*

[1] Plaintiff submits the attached declaration and supporting documentation in lieu of submitting expert testimony, given the relatively small amount of fees and costs being sought. Utilizing

WHEREFORE, Plaintiff respectfully requests that the Court enter a Default Judgment in Plaintiff's favor in the amount of $4,060.00, comprised of the following amounts:

a. $1,000.00 in statutory damages under the FDCPA;

b. $2,640.00 in reasonable attorneys' fees; and

c. $420.00 in costs.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2016 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and also served a copy of same via U.S. Mail to Defendant, National Credit Adjusters, LLC, P.O. Box 3023-327 W. 4th Street, Hutchinson, KS 67504-3023.

Respectfully submitted,

**DISPARTI FOWKES & HASANBASIC, P.A.**

/s/ Ryan Hasanbasic________________
Ryan C. Hasanbasic, Esq.
Fla. Bar No. 044119
ryan@dispartilaw.com
Paul R. Fowkes, Esq.
Fla. Bar No. 723886
paul@dispartilaw.com
2154 Duck Slough Blvd., Suite 101
Trinity, Florida 34655
(813) 221-0500
(727) 943-3203 (Facsimile)
*Attorneys for Plaintiffs*

an expert to opine on the reasonableness of Plaintiff's fees and costs would significantly and disproportionately inflate the costs which Plaintiff seeks to recover in this matter.